Chief Justice Robertson,
delivered the opinion of the court.
This was a motion by a collector of the county levy, against the sureties of his deputy, the principal in the bond being dead.
On the return of “not found,” as to one of the sureties, the motion was abated as to him, and judgment was rendered against the other.
The act of 1825, session acts of 1824, p. 178, authorized the abatement.
It appears, that the collector was not the sheriff of the county. But, it does not thence follow, as has been argued, that the appointment was illegal; see Patton, et al. vs. Lair, et al.; so far, therefore, there is no error.
But the evidence will not sustain the judgment. There was no proof, that the deputy collector, had collected the lev)', and failed to pay it over.
The collector may recover from his deputy or sureties “any sums of money which, by virtue of the act of assembly, such collector might be subject to the payment of, on account of the transactions of” the deputy.
The only proof was a record, showing that a judgment had been rendered against the sureties of the collector.
But, as the plaintiff in error was neither party, nor privy to that judgment, the record was not evidence against him, to prove that the judgment had been rendered against the collector “on account of the transactions of the deputy;” see Johnson vs. Thompson, IV Bibb, 294.
■John Trimble, for plaintiff.
The judgment is therefore, erroneous.
The notice is barely sufficient. It is not ns specific as it might have been. But it is sufficiently intelligible to effect the object of giving a notice.
Judgment reversed, and cause remanded, for a retrial.